FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 30 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIE F. JONES, JR.,

    Plaintiff,

-against-

NEW YORK STATE WORKERS'
COMPENSATION BOARD; NEW YORK
STATE INSURANCE FUND; ROCCO
BRINDISSI; and DAVID ROSEN BAKERIES,
INC.,

    Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
16-CV-5973 (CBA) (JO)

**AMON, United States District Judge:**

On October 19, 2016, plaintiff Willie F. Jones, Jr. filed this pro se action against the New York State Workers' Compensation Board, New York State Insurance Fund, Rocco Brindissi, and David Rosen Bakeries, Inc. (collectively, "defendants"). (D.E. # 1 ("Compl.").) Plaintiff was injured while working as a delivery driver for David Rosen Bakeries, Inc. and now seeks New York State Workers' Compensation benefits. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

On September 15, 1989, plaintiff was injured while making deliveries for his employer, David Rosen Bakeries, Inc. (Compl. at 11.) Plaintiff filed a timely Workers' Compensation claim, and alleges that the New York State Insurance Fund ("SIF") "made the payments to me for injuries until 3/93. I was [paid] $35,000 and promised continued payments after 3/98 (5 yrs) that didn't happen . . . ." (Id. at 8.) He further claims that the SIF "promised me if I take the settlement of $35,000 I wouldn't get paid for 5 yrs. if I was disabled. I was disabled as of 3/98 and I'm still

1

disabled now 18 yrs. & 7 mon. later." (Id. at 7–8.) Now, more than 18 years later, plaintiff brings the instant action alleging that he is owed $112,600. (Id.) Plaintiff further seeks $600 million in money damages. (Id. at 12.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it: (1) "is frivolous or malicious," (2) "fails to state a claim upon which relief may be granted," or (3) "seeks monetary relief from a defendant who is immune from such relief." Leave to amend must be granted if a liberal reading of the pleading "gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted).

At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). All allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." Id. Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

## DISCUSSION

### I. Eleventh Amendment Immunity

Unless expressly waived by a state, or lawfully abrogated by Congress, the Eleventh Amendment limits the federal courts' subject matter jurisdiction by immunizing states from suits in federal court brought by its own citizens or those from another state. Pennhurst State Sch. v. Halderman, 465 U.S. 89, 98–100 (1984). The Eleventh Amendment also bars suits for damages against state agencies and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Plaintiff's claims against the New York State Workers' Compensation Board ("the Board") are barred under the Eleventh Amendment. The State of New York has established the Board as its administrative agency exclusively empowered to hear and decide claims for workers' compensation benefits. Accordingly, courts in the Second Circuit have consistently held that the Board has not consented to suit and enjoys Eleventh Amendment immunity. See, e.g., Palma v. Workers' Compensation Bd. of the State of N.Y., 151 F. App'x 20, 22 (2d Cir. 2005) (holding that "the Board is immune from suits that are brought in federal courts by New York citizens or by citizens of another state."); Smith v. Workers' Compensation Bd. of State of N.Y., No. 89-CV-2748 (ADS), 1990 WL 47778, at *2 (E.D.N.Y. Apr. 3, 1990), aff'd, 923 F.2d 844 (2d Cir. 1990). The SIF is also a state agency of purely statutory origin that is constitutionally immune from suit under the Eleventh Amendment. See N.Y. Workers' Compl. L. § 76; Lipofsky v. Steingut, 86 F.3d 15, 17 (2d Cir. 1996) (finding that the SIF is a state agency entitled to Eleventh Amendment immunity).

Plaintiff also brings claims against Rocco Brindissi, a caseworker for the Board with whom plaintiff has spoken "about [his] money." (Compl. at 10.) Because plaintiff brings claims against Brindissi in his official capacity as a state employee, his claims against Brindissi are barred by Eleventh Amendment sovereign immunity. See Pennhurst, 465 U.S. at 101 (holding "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" (quoting Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945))); see also Edelman v. Jordan, 415 U.S. 651, 663 (1974) (suits against state employees in their official capacities are barred by the Eleventh Amendment).

## II. Plaintiff's Claims Against David Rosen Bakeries, Inc.

Plaintiff also brings claims against his former employer, David Rosen Bakeries, Inc., relating to his on-the-job injury. Section 11 of the New York Workers' Compensation Law "provides that Workers' Compensation is the exclusive remedy available to employees injured during the course of their employment." Wilson v. Danka Corp., No. 01-CV-10592, 2002 WL 31929120, at *6 (S.D.N.Y. Jan. 28, 2003) (citing Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997)). Accordingly, this Court is barred from adjudicating plaintiff's claims against his former employer.

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed. The Court finds that amendment of the complaint would be futile, so the Court need not grant leave to amend. See Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014). The Clerk of Court is directed to close the case and to enter judgment accordingly. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May 25, 2017
       Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge